FILED
7/1/2024
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

               Respondent.

v.

BRIAN MICHAEL SHELLEY,

               Appellant.

No. 85892-1-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM —Brian Shelley was charged with felony driving under the influence (DUI) for an incident that occurred on February 13, 2021. The information alleged that Shelley "on or about February 13, 2021, drove a vehicle within this state while under the influence of or affected by intoxicating liquor or any drug…" The information made no mention of the concentration of alcohol or THC in Shelley's body.

At trial, the trial court gave the following instruction to the jury:

To convict the defendant or the crime of Felony Driving under the Influence as charged in Count 1, each of the following three elements of the crime must be proved beyond a reasonable doubt:
    (1) That on or about February 13, 2021, the defendant drove a motor vehicle in the State of Washington;
    (2) That the defendant at the time of driving a motor vehicle
          (a) Was under the influence of or affected by intoxicating liquor, cannabis, or any drug; or
          (b) Was under the combined influence of or affected by intoxicating liquor, cannabis, and any drug; or
          (c) Had sufficient alcohol in his body to have an alcohol concentration of 0.08 or higher within two hours after driving as shown by an accurate and reliable test of the defendant's breath or blood; or
          (d) Had sufficient cannabis in his body to have a THC

                concentration of 5.000 or higher within two hours after driving as shown by an accurate and reliable test of the defendant's blood;

           And

(3) That the defendant has previously been convicted of vehicular assault while under the influence of intoxicating liquor or any drug.

(4) If you find from the evidence that elements (1), (3), and any of the alternative elements (2)(a), (2)(b), (2)(c), or (2)(d) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (2)(a), (2)(b), (2)(c), or (2)(d) has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative in paragraph (2) has been proved beyond a reasonable doubt.

Shelley filed an appeal challenging his conviction of felony DUI, asserting that the trial court erred when it instructed the jury on alternative means with which he had not been charged. The State concedes that the trial court's instruction to the jury on an uncharged alternate means was in error and that the error was not harmless.

We accept the State's concession and reverse and remand for a new trial. Because we reverse his conviction, we do not reach Shelley's claims of error with respect to his sentence.

Shelley's motion to accelerate the mandate under RAP 12.5(b) is granted. The mandate will issue two days after this opinion is filed unless the respondent objects in writing.

FOR THE COURT:

Díaz, J.

Birk, J.

Hazelrigg, ACJ